SINGER MANUFACTURING COMPANY *vs.* PATRICK KING.

The refusal by one having the chattel of another to deliver it to the owner on demand is ordinarily *primâ facie* evidence of a conversion.

A bailee who has received a chattel in good faith from one not the owner may refuse to deliver it to the demanding owner till he has had time to ascertain the ownership.

A servant who has received a chattel from his master may retain it till he has consulted his master, but if after consultation he relies on his master's title and refuses to deliver it to the demanding owner, he is guilty of a conversion.

An agent received a chattel from a fellow employee, and, acting under prior instructions from his principal, refused to deliver it to the demanding owner until storage had been paid. The claim for storage was untenable in law.

*Held,* that the agent was guilty of conversion.

EXCEPTIONS to the Court of Common Pleas.

*June 2, 1884.* DURFEE, C. J. This is trover for the conversion of a sewing machine belonging to the plaintiff company. The case was tried in the Court of Common Pleas and comes here on exceptions. The testimony given at the trial for the plaintiff went to show that the machine was demanded of the defendant by direction of Charles H. Harris, agent for the plaintiff, and that the defendant, who was agent for the American Sewing Machine Company, though he had the machine, refused to deliver it until storage was paid for it or until another machine belonging to the American Sewing Machine Company which the plaintiff had was returned. The defendant testified that the machine was brought to him by one Conner, an employee of the American Sewing Machine Company; that he was instructed to hold it for storage, and that, though he did not announce it when the demand was made, the plaintiff knew that he was agent for the American Sewing

Machine Company. It further appeared that the machine had been leased to a Mrs. Lynch by the plaintiff company; that Conner had received it from her, leaving a machine of the American Company in place of it; that he had carried it to Harris, and that Harris refused to receive it, saying that his company had no machines out which were then due; that he then carried it to the American Sewing Machine Company and told Harris that he had done it. Harris testified in reply that he did not see the machine when Conner brought it and that he had not authorized any one to store it with the American Company.

1. The court instructed the jury that if the defendant, when demand was made upon him, was the agent of the American Sewing Machine Company, and was holding the machine under their orders and not for himself or under his own control, then the defendant would not be guilty. The plaintiff excepted.

2. The plaintiff asked the court to instruct the jury that the defendant would be guilty unless he told the plaintiff when the demand was made that he was holding the machine as servant of the American Sewing Machine Company. The court refused so to instruct the jury, but did instruct them that the defendant's omission to give the information would not constitute a conversion, but would be evidence for them to consider in determining the question as to whether he was holding the machine as agent or not. The plaintiff excepted. The question is, were the instructions and the refusal to instruct correct.

Ordinarily, when one person has the chattel of another, it is his duty to deliver it to the owner or his agent on demand, and if he refuses to do so, his refusal is evidence of a conversion. It is, however, only *primâ facie* evidence and may be explained. *Magee* v. *Scott*, 9 Cush. 148; *Robinson* v. *Burleigh*, 5 N. H. 225; *Dietus* v. *Fuss*, 8 Md. 148; *Green* v. *Dunn*, 3 Camp. 215; *Solomons* v. *Dawes*, 1 Esp. 83. Thus it is no conversion for the bailee of a chattel, who has received it in good faith from some person other than the owner, to refuse to deliver it to the owner making demand for it until he has had time to satisfy himself in regard to the ownership. *Carroll* v. *Mix*, 51 Barb. S. C. 212; *Lee* v. *Bayes*, 18 C. B. 599, 607; *Sheridan* v. *The New Quay Co.* 4 C. B. N. S. 618; *Coles* v. *Wright*, 4 Taunt. 198. In the case of a servant who has received the chattel from his master, it has been

held that he ought not to give it up without first consulting his master in regard to it. *Mires* v. *Solebay*, 2 Mod. 242, 245; *Alexander* v. *Southey*, 5 B. & A. 247; *Berry* v. *Vantries*, 12 Serg. & R. 89. But if, after having had an opportunity to confer with his master, he relies on his master's title and absolutely refuses to comply with the demand, he will be liable for a conversion. *Lee* v. *Robinson*, 25 L. J. C. P. 249; 18 C. B. 599; 1 Addison on Torts, § 475; *Greenway* v. *Fisher*, 1 Car. & P. 190; *Stephens* v. *Elwell*, 4 M. & S. 259; *Perkins* v. *Smith*, 1 Wils. 328; *Gage* v. *Whittier*, 17 N. H. 312. The mere fact that he refuses for the benefit of his principal will not protect him. *Kimball* v. *Billings*, 55 Me. 147.

In the case at bar the defence is that the defendant, acting as agent of the American Sewing Machine Company, refused to deliver the machine in obedience to instructions not to deliver it until storage was paid for it. The defendant did not refuse for the purpose of consulting his principal, but it would seem that he had received his instructions before the demand in anticipation of it. He was not a mere servant but an agent, and he may have been, for anything that appears, a general agent. The machine came to him, not from his master or principal, as in *Mires* v. *Solebay*, but from a fellow employee, and he may have known, indeed the evidence carries the impression that he did know, all the circumstances in regard to it, and nevertheless coöperated with his principal in withholding it from its owner by insisting on a condition which neither he nor his principal had any right to impose. If such was the fact, we think he was guilty; and yet, if such was the fact, the jury might have found him not guilty under the instructions given by the court which are the ground of the first exception. The first exception must therefore be sustained. We do not find any error in the instructions which are the ground of the second exception, except in so far as they involve a repetition of instructions before given. The case will be remitted for new trial.                              *Exceptions sustained.*

*Ziba O. Slocum*, for plaintiff.

*Albert D. Bean*, for defendant.

NOTE. — For a commentary on the above case see Amer. Law Register N. S. vol. xxiv. p. 51, January, 1885.